# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

| | |
|---|---|
| MATTHEW BIAFORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:08-0251 |
| ) | |
| FCI BECKLEY, ) | |
| ) | |
| Defendant. ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

On April 11, 2008, Plaintiff, acting *pro se* and formerly incarcerated at FCI Beckley in Beckley, West Virginia, filed a his letter-form Complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document No. 1.) In his Complaint, Plaintiff alleges he is the "target of nearly nonstop harassment and abuse by the officers of this facility." (Id., p. 1.) Specifically, Plaintiff states as follows:

> On numerous occasions, correctional officers have threatened me with physical assault; deprived me of light, sleep, heat, hygiene items, water, and access to legal aid. Officers have threatened to, and insinuated, that my food is tampered with; kicked my cell door whenever they walk past; interrogated and harassed me in the presence of other inmates, among other things.

(Id., pp. 1 - 2.) As relief, Plaintiff requests that Court "place [him] in a Regional Jail, or have [him] transferred to another prison within the FBOP." (Id., p. 2.)

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327-28, 109 S.Ct. at 1833. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiffs' allegations in view of applicable law.

## ANALYSIS

The allegations stated in Plaintiffs' Complaint asserting violations of his constitutional rights are cognizable under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. Under Article III, Section 2 of the Constitution of the United States, the plaintiff "must have suffered,

or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998)(quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990)). This case or controversy requirement means that plaintiff must continue to have a personal stake in the outcome of the civil action when the Complaint is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the case must be dismissed as moot. Id. When an inmate seeking injunctive relief is released from custody, the inmate no longer maintains a "sufficient interest in the outcome of the requested relief to present a justiciable case or controversy." Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983). In general therefore, claims for injunctive relief become moot when the inmate is no longer incarcerated because the inmate is no longer subjected to the condition of which he complained. Id.

Having examined Plaintiff's Complaint, the Court has determined that Plaintiff challenges the conditions of his confinement at FCI Beckley. Plaintiff's release from custody, however, destroys the "case or controversy" requirement concerning his claims.[2] Plaintiff has requested only injunctive relief: his transfer to a regional jail or a different BOP facility. (Document No. 1.) Thus, Plaintiff's claim for injunctive relief is rendered moot by his release from custody. Because Plaintiff has not made a request for monetary relief, Plaintiff's Complaint in this matter should be summarily dismissed as moot. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991)(finding that inmate's transfer or release from confinement does not moot the inmate's claim for monetary damages).

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and

---

[2] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on August 24, 2010.

accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Complaint (Document No. 1.), **DISMISS** this civil action as moot, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: June 15, 2011.

R. Clarke VanDervort
United States Magistrate Judge